IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DONNA CROFT; BOBBIE HICKMAN;
and BENJAMIN SUTTON,
Individually and on Behalf of Others
Similarly Situated                                                                               PLAINTIFFS

v.                                        Case No. 3:12-CV-03102

PROTOMOTIVE, INC.;
PROTOMOTIVE, LLC; TODD
KNIGHTON and CYNTHIA
KNIGHTON, Individually
and as Owners/Managers of
Protomotive, Inc.                                                                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 7) and Brief in Support (Doc. 8). This Motion is unopposed by Defendants.[1] Plaintiffs seek an injunction against Defendants to restrain them from retaliating against Plaintiffs and potential class members for participating in this action, and request that the Court issue corrective notice to all hourly employees of Defendant Protomotive, Inc. advising them that federal law protects their right to participate in this lawsuit without fear of retaliation from their employer. For the reasons described below, Plaintiffs' Motion is **DENIED**.

Named Plaintiffs are former hourly employees of Defendant Protomotive Inc. who seek class relief under various provisions of the Federal Fair Labor Standards Act's (FLSA) wage and hour laws.  Plaintiffs argue that 29 U.S.C. § 216(b), "mandates that employees may obtain injunctive relief for violations of the FLSA's anti-retaliation provision."  (Doc. 8, p. 2).  This ignores the plain

---

[1] The Court cautions Defendants that failing to respond to a motion in a timely manner is an adequate basis for granting the relief sought in said motion.  L.R. 7.2(f).

language of the FLSA and clear binding precedent. The Eighth Circuit analyzed the FLSA enforcement scheme in *Barrentine v. Arkansas-Best Freight System, Inc.* 750 F.2d 47 (8th Cir. 1984). The Court succinctly described the relevant provisions as follows:

> Congress has framed various remedial measures for implementation and furtherance of its declared policies in the FLSA. Under 29 U.S.C. § 216(b), employees may maintain an action on their own behalf against an employer for unpaid wages and liquidated damages. Subsection (c) of § 216 authorizes the Secretary of Labor to bring suit on behalf of employees who request assistance to recover unpaid wages, provided the case does not involve an issue of law not finally settled by the courts. The right of employees to resort to legal action on their own behalf terminates "upon the filing of a complaint by the Secretary of Labor in an action under § 217 of this title." 29 U.S.C. § 216(b). Section 217, entitled "Injunction proceedings," grants the district courts jurisdiction to restrain violation of provisions of the FLSA, including the minimum wage provision. Title 29 U.S.C. § 211(a) provides that "[e]xcept as provided in section 212 of this title [relating to child labor], the Secretary of Labor shall bring all actions under section 217 of this title to restrain violations of this chapter."

*Id.*, at 51. Considering the above statutory scheme, the *Barrentine* Court adopted the majority position that under the FLSA, "an employee's action can be maintained only to recover back wages and liquidated damages and not to obtain injunctive relief against future violations; only the Secretary is vested with the authority to seek an injunction." *Id.*; *see also Bjornson v. Daido Metal U.S.A., Inc.*, 12 F. Supp. 2d 837, 843 (N.D. Ill. 1998) ("[E]very Circuit that has addressed the issue over a period spanning more than a half century has agreed that the plain language of Act §§ 211(a) and 217 allows only the Secretary of Labor to bring an action for injunctive relief under the Act.") (citations omitted).

The Court finds therefore that the Plaintiffs are not entitled to seek injunctive relief under the FLSA.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Temporary Restraining Order

and Preliminary Injunction (Doc. 7) is **DENIED**.

      IT IS SO ORDERED this 24th day of September, 2012.


                                            /s/ P. K. Holmes, III
                                            P.K. HOLMES, III
                                            CHIEF U.S. DISTRICT JUDGE