IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DONNA CROFT; BOBBIE HICKMAN; and
BENJAMIN SUTTON, Individually and on
Behalf of Others Similarly Situated                                                    PLAINTIFFS

v.                                    Case No. 3:12-CV-03102

PROTOMOTIVE, INC.; PROTOMOTIVE, LLC;
TODD KNIGHTON and CYNTHIA KNIGHTON,
Individually and as Owners/Managers of
Protomotive, Inc.                                                                       DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiffs' Motion for Approval of Notice and Consent to Join Collective Action (Doc. 31) and brief in support (Doc. 32), Defendants' Response (Doc. 35) and brief in support (Doc. 36), and Plaintiffs' Reply (Doc. 37). For the reasons provided below, Plaintiffs' Motion is **GRANTED** and the Court conditionally certifies this action as a collective action.

I.      **BACKGROUND**

Plaintiffs are former hourly employees of Defendant Protomotive, Inc., an Arkansas corporation owned by Defendants Todd Knighton and Cynthia Knighton that builds and provides products that contribute to the customization and specialization of vehicles. The named Plaintiffs were employed in various capacities: Plaintiff Croft was an accountant and bookkeeper (Croft Aff. ¶ 2, Doc. 32-2 Ex. A); Plaintiff Hickman was a farm hand and personal assistant (Am. Compl. ¶ 53); and Plaintiff Sutton was a mechanic (Sutton Aff. ¶ 2, Doc. 32-3 Ex. D). Defendant Protomotive, LLC is the limited liability entity used by Protomotive, Inc. to pay the corporation's employees.

Plaintiffs brought this action to recover unpaid minimum and overtime wages under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"), for failure to pay them and others who are similarly situated for all hours worked and failure to pay the required overtime rate for hours worked in excess of forty per week.  Specifically, Plaintiffs claim that Defendants require employees to work without compensation during unpaid off-the-clock time and refuse to pay the overtime rate , and also that they alter employee time cards to avoid compensating employees for all hours worked.

Each named Plaintiff purports to bring this action individually and on behalf of all similarly situated current and former hourly employees who work or worked for Defendants at any time from August 3, 2009, to the present.  In the instant Motion, Plaintiffs seek authorization to issue notice to potential class members and approval of both their proposed Notice and Consent to Join form (Pls.' Mot. Ex. 1, Doc. 31-1).  Defendants oppose the Motion, contending that Plaintiffs have not established either that other similarly situated employees exist[1] or that Plaintiffs are similarly situated to the proposed class, as required to sue collectively under the FLSA.

## II.  DISCUSSION

### A.  Legal Framework

Plaintiffs bringing a collective action under the FLSA must use the opt-in class mechanism under 29 U.S.C. § 216(b), as opposed to the opt-out class action procedures of Rule 23 of the Federal Rules of Civil Procedure.  *Garrison v. ConAgra Foods Packaged Food, LLC*, 2013 WL

---

[1] The Court assumes Defendants' statement that "Plaintiffs failed to meet their burden of proof to establish that there are other employees of Welspun who are similarly situated to them" (Def.'s Resp. ¶ 6, Doc. 35) is a typographical error, and that "Welspun" should read either "Defendants" or "Protomotive, Inc."

1247649, at *1 (E.D. Ark. Mar. 27, 2013) (internal citations omitted). A collective action under the FLSA may be brought against an employer by any one or more employees on "behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Therefore, certification as a collective action depends on whether the named plaintiffs are similarly situated to a putative class. Like the majority of district courts in the Eighth Circuit, this Court applies a two-stage approach to the certification process. *Resendiz-Ramirez v. P & H Forestry, LLC*, 515 F. Supp. 2d 937, 940 (W.D. Ark. 2007). Under this approach, certification is divided into (1) the notice stage, and (2) the opt-in or merits stage. *Id.* First, when a plaintiff moves for collective action certification—typically early in the discovery process—the court considers whether potential class members should be given court-authorized notice of the opportunity to "opt-in" to the action. *Id.* If notification is allowed, the class is conditionally certified for notice purposes and the action proceeds as a representative action throughout discovery. *Id.* Second, when discovery is largely complete, the defendant may move for decertification, and the court considers whether the conditionally certified class should proceed as a collective action. *Id.*

The question before the Court is whether notice of this action should be given to potential class members. Therefore, the Court must make an initial determination of whether Plaintiffs and the potential class members are "similarly situated," using the fairly lenient standard applicable to the notice stage of certification. *See Kautsch v. Premier Commc'ns*, 504 F. Supp. 2d 685, 688 (W.D. Mo. 2007) ("The plaintiff's motion for certification is typically filed at an early stage of the litigation thus requiring a lenient evaluation standard."). The plaintiff must make a modest factual showing that the plaintiff and potential class members were victims of a common decision, policy, or plan of the employer that affected all class members in a similar manner. *Resendiz-Ramirez*, 515

F. Supp. at 940–41. While the burden of proof is relatively low, "some identifiable facts or legal nexus must bind the claims so that hearing the cases together promotes judicial efficiency." *Jost v. Commonwealth Land Title Ins. Co.*, 2009 WL 211943, at *2 (E.D. Mo. Jan. 27, 2009) (quoting *Barron v. Henry Cnty Sch. Sys.*, 242 F.Supp.2d 1096, 1103 (M.D. Ala. 2003)).

### B.     Conditional Certification

Having reviewed Plaintiffs' Motion in light of the relevant standards and applicable factors,[2] the Court finds that Plaintiffs have met their burden of demonstrating that they are similarly situated to potential class members to the extent necessary to justify court-authorized notice to the proposed class. Plaintiffs have come forward with substantial allegations that they and other hourly employees of Defendants were victims of a common decision, policy, or plan to deprive them of compensation. Specifically, Plaintiffs allege that they and other hourly employees were required to perform work duties during off-the-clock break time and were not compensated at the overtime rate for any hours worked in excess of forty per week, and their time cards were altered to reduce the number of hours for which they received compensation.

Defendants argue that Plaintiffs have not shown that Plaintiffs are similarly situated to one another or to potential class members because Plaintiffs' claims will require a fact-intensive inquiry into the duties performed by each employee and a "full-scale audit" of each employee's time

---

[2] District courts may consider a variety of factors in determining whether a plaintiff and proposed class members are similarly situated at the notice stage, including: (1) whether everyone worked in the same location; (2) whether they held the same job title; (3) whether the alleged violations occurred during the same time period; (4) whether all the workers were subjected to the same policies and practices, and whether those policies and practices were established in the same manner and by the same decision maker; and (5) the extent to which the acts constituting the alleged violations are similar. *Watson v. Surf-Frac Wellhead Equip. Co., Inc.*, 2012 WL 5185869, at *1 (E.D. Ark. Oct. 18, 2012).

records. As support for their position, Defendants rely heavily on *Douglas v. First Student, Inc.*, 888 F. Supp. 2d 929 (E.D. Ark. 2012). The Court does not consider the *Douglas* case to be persuasive here. In *Douglas*, the court was ruling on the defendant's motion for decertification; as such, that case is inapposite to the Court's current analysis.

At this stage of litigation, whether Plaintiffs are similarly situated to the proposed class turns on whether they were all subject to a common policy or practice of failing to pay for time worked or at the requisite overtime rate. Defendants do not dispute that Protomotive, Inc. requires its hourly employees to clock out from work to take a meal break and, when applicable,[3] smoke breaks, nor do they dispute that employee time cards are sometimes amended by hand. This supports the assertion that all of Defendants' hourly employees were subject to the same policies and practices regarding timekeeping and calculation of hours worked. Further, two of the named Plaintiffs, Donna Croft (Doc. 32-1) and Benjamin Sutton (Doc. 32-3), submitted affidavits stating that Defendants refused to compensate them for all hours worked and denied them overtime compensation. Plaintiff Croft's affidavit specifically states that Defendants had a policy requiring employees to clock out for lunch and breaks, but employees were still required "to perform work duties such as answering phones, actual manual work, and to discuss work with other employees" (Croft Aff. ¶ 3), and it was also Defendants' policy that "adjustments could be made to an employee's timesheet if the owners disagreed or did not like the hours worked" (Croft Aff. ¶ 4). In light of the foregoing, the Court concludes that Plaintiffs and the proposed class of all other hourly employees were subject to a

---

[3] According to an affidavit from Defendant Todd Knighton, Plaintiff Donna Croft was the only employee who took daily smoke breaks during the relevant time period. (Todd Knighton Aff. ¶ 8, Doc. 35-1 Ex. 1).

common decision, plan, or policy to deprive them of appropriate compensation.

Defendants also contend that conditional certification is inappropriate because Plaintiffs failed to show that there are other similarly situated individuals who desire to opt in to the litigation. Courts in the Eighth Circuit and elsewhere are split with respect to whether plaintiffs must demonstrate that other similarly situated potential class members are interested in joining the litigation. *See Helmert v. Butterball, LLC*, 2009 WL 5066759, at *4–5 (E.D. Ark. Dec. 15, 2009) (collecting cases). While the Court is disinclined to require a plaintiff to prove others want to opt-in to the action in order to send them notice of the action and their opportunity to opt-in, the Court refrains from deciding the issue at this time. Assuming without deciding that a plaintiff must produce evidence that others want to opt in, given the circumstances of this case and the relatively small number of potential class members, the Court finds that Plaintiffs have met their burden of establishing that other employees are interested in the action. Importantly, there is some evidence that Defendants' conduct may have discouraged some current and/or former employees from participating in this action. Plaintiff Sutton states that he was contacted by Defendant Todd Knighton shortly before this action was filed about wanting to "'talk this out man to man, face to face' and work out a settlement without the lawyers." (Sutton Aff. ¶ 4). Further, Sutton states that he has personally spoken with other current and former employees who have been contacted by Todd Knighton "asking them what it would take to keep them out of the lawsuit." (Sutton Aff. ¶ 5). The mere possibility—however remote— that Defendants attempted to prevent potential plaintiffs from joining the action makes conditional certification as a collective action particularly appropriate here.

Finally, Defendants argue that certification should be denied due to the small number of

potential class members, as well as general considerations of judicial economy and fairness. The Court is not persuaded by Defendants' argument regarding class size. Section 216(b) does not contain a numerosity requirement, and Defendants have presented no binding authority establishing a minimum class size. Plaintiff Croft states that between twelve and fifteen other employees or former employees were subject to the same policies but have not yet joined this lawsuit (Croft Aff. ¶ 7), and Defendants submit that the proposed class could include a maximum of eleven additional opt-in plaintiffs (Defs.' Resp. 12). It is the Court's view that the modest size of the potential class does not justify denying Plaintiffs' Motion. The Court finds Defendants' remaining arguments to be premature and more appropriately raised, if at all, after the parties have conducted further discovery.

Based on Plaintiffs' allegations and affidavits, the Court concludes that conditional certification of this action as a collective action is appropriate at this time.

### C. Notice

Plaintiffs have submitted a proposed Notice and a proposed Consent to Join form, and Defendants have not expressed any objections. The Court has reviewed both documents and approves them as to form, with minor changes. The proposed Notice should be changed as follows: under (2) DESCRIPTION OF THE LAWSUIT, "against Protomotive Inc." should be changed to "against Protomotive, Inc.; Protomotive, LLC; Todd Knighton, and Cynthia Knighton, individually and as owners/managers of Protomotive, Inc." The proposed Consent to Join form should be modified as follows: below the first paragraph, insert "I understand that I may participate in this lawsuit only if my completed, signed, and dated Consent to Join form is postmarked on or before [60 days from mailing date]." Plaintiffs' counsel is to fill in the specific date based on the date the

form is mailed.

### III.   CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that this action is conditionally certified as a collective action under 29 U.S.C. § 216(b).  The opt-in class will consist of all current or former hourly employees of Defendants at any time between August 3, 2009 and the present.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Approval of Notice and Consent to Join Collective Action (Doc. 31) is **GRANTED** and the Court adopts Plaintiffs' proposed Notice and Consent to Join form, consistent with the revisions stated in this Order, for use in this case. Plaintiffs are **DIRECTED** to provide, by June 10, 2013, a Notice, a Consent to Join form, and, if applicable, a postage pre-paid return envelope addressed to Plaintiffs' counsel to each person identified as a potential opt-in plaintiff.

**IT IS FURTHER ORDERED** that Plaintiffs are to file all returned Consent to Join forms using the designation of "Class Election" as the CM/ECF filing event.  All Consent to Join forms filed by Plaintiffs must include the original signature of the opt-in plaintiff and be properly scanned in Portable Document Format (PDF).

**IT IS FURTHER ORDERED** that, if they have not already done so, Defendants are to provide Plaintiffs' counsel with the names, telephone numbers, and last known addresses of all hourly employees who worked for Defendants for any period of time between August 3, 2009, and the present as soon as possible, but no later than May 23, 2013.  Plaintiffs' counsel is to treat this information as confidential and is not to disclose it to third parties.

**IT IS SO ORDERED** this 13th day of May, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE